IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DENNIS C. BURLESON, )<br>)<br>) CIVIL ACTION NO. 0:04-1996-10BD<br>Plaintiff,       )<br>)<br>v.                                                )   **REPORT AND RECOMMENDATION**<br>)<br>JO ANNE B. BARNHART          )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY,                              )<br>)<br>Defendant.       )<br>_____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

The record shows that Plaintiff applied for Disability Insurance Benefits (DIB) on October 18, 2001, alleging disability as of August 17, 2001 due to chronic lower back pain. (R.pp. 45-47, 60). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on September 23, 2003. (R.pp. 240-272). On October 10, 2003, the ALJ denied Plaintiff's claim in a written decision. (R.pp. 15-25). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 4-6).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was forty-seven (47) years old as of the date of the ALJ's decision, has a high school education with two years of college, and past relevant work activity as an automobile mechanic and telephone service technician. (R.pp. 45, 60, 79, 244-248). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform his past relevant work, he nevertheless retains the residual functional capacity to perform a limited range of light work[1], and is therefore not disabled. (R.p. 24). Plaintiff asserts that in reaching this decision, the ALJ erred by improperly weighing the evidence and by not considering all of the relevant evidence. Plaintiff also argues that the Appeals Council's failure to make specific findings regarding new evidence is reversible error, and that remand or outright reversal is required if evidence submitted to the Appeals Council was not explicitly considered.

After careful review of the arguments and evidence submitted, the undersigned is constrained to agree with the Plaintiff that the Appeals Council failed to properly articulate its reason(s) for rejecting the new evidence submitted to the Appeals Council, and that remand is therefore required. The record shows that, as part of his request for Appeals Council review of the

---

[1]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2004).

3

ALJ's decision, Plaintiff submitted additional records from Dr. Lori Dickson wherein Dr. Dickson discussed Plaintiff's condition and opined that Plaintiff "remains unable to work due to physical limitations." See (R.pp. 234-239).  The Commissioner concedes in her brief that Dr. Dickson's medical opinion is one of the opinions on which the ALJ based his finding that Plaintiff retained the residual functional capacity to perform a limited range of light work. See Defendant's Brief, at pp. 16-17 ["Relying heavily on the opinions of Drs. Rollins and Dickson, the ALJ found Plaintiff had the residual functional capacity to perform light work that afforded a sit/stand option and did not require repetitive bending, stooping, or squatting; use of the hands for repetitive lifting or for work requiring fine dexterity; or 'sustained skilled concentration'"].  See also (R.pp. 19, 21-22).

In its decision rejecting Plaintiff's appeal, the Appeals Council noted that it had considered the additional evidence submitted but found that this information did not provide a basis for changing the Administrative Law Judge's decision. (R.pp. 4-5).  However, no rationale for the Appeals Council's treatment of this evidence was provided, and this Court can therefore only speculate as to the reason the Appeals Council reached this decision. Plaintiff argues that the Appeals Council's failure to make specific findings concerning this new evidence is reversible error, and under the facts of this case the undersigned agrees.

While the undersigned acknowledges that the decision of the Appeals Council as set forth hereinabove may be sufficient under some Fourth Circuit precedent; see Hollar v. Commissioner of the Social Security Administration, No. 98-2748, 1999 WL 753999, at **1 (4th Cir. September 23, 1999), citing Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992) and 20 C.F.R. § 404.970(b) (1999); see also Ridings v. Apfel, 76 F.Supp.2d 707, 709 (W.D.Va. 1999); other courts have determined that "bare bones" conclusions by Appeals Councils do not allow for

4

meaningful judicial review and therefore render the Court unable to perform its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence. See Harmon v. Apfel, 103 F.Supp.2d 869, 872-875 (D.S.C. 2000); Riley v. Apfel, 88 F.Supp.2d 572, 579-580 (W.D.Va. 2000); Alexander v. Apfel, 14 F.Supp.2d 839 (W.D.Va. 1998); see also Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) ["A bald conclusion unsupported by reasoning or evidence, is generally of no use to a reviewing court.…"]. Some other courts have taken a middle position, indicating that whether a more detailed explanation is required may depend on the nature of the evidence submitted. See Smart v. Barnhart, 2004 WL 289152, at *3, n. 2 (D.S.C. December 7, 2004). Under the facts of this case, the undersigned finds that this middle approach should be adopted and utilized by this Court.

The Court in Smart indicated that, while a "detailed reason" for the Appeals Council's rejection of new evidence may not be necessary in every case, in cases where a medical opinion upon which a denial of benefits was based is contradicted by a new opinion from the same source, some explanation for the Appeals Council's decision to reject this new evidence should be given. *Cf.*, Smart, 2004 WL 289152 at *3, n. 2. Here, the new evidence was from Dr. Dickson, and while Dr. Dickson's earlier opinion was not the sole opinion relied on by the ALJ in making his decision, it was one of the principal opinions relied upon. On page 4 of his decision, the ALJ stated

> Dr. Dickson opined that [Plaintiff] was capable of sitting for four hours during an eight hour work day, standing and walking for three hours each during an eight hour work day and that he could continuous lift 10 pounds and occasionally lift as much as 20 pounds. There is no evidence that Dr. Dickson later changed her assessment of the [Plaintiff's] physical capacity, and I am persuaded that Dr. Dickson's opinion is most consistent with a finding that the [Plaintiff] is capable of meeting the demands of "light" work, rather than with a finding that he is unable

to perform any substantial gainful activity.

(R.p. 21).

Similarly, on page 5 of his decision, the ALJ stated

in reaching this conclusion I have considered the opinions of the [Plaintiff's] treating physicians, Drs. Funderburk, Rollins and Dickson, as discussed above. As their opinions are consistent with the totality of the medical evidence and are not contradicted by any persuasive testimony or other persuasive medical opinion, pursuant to SSR 96-5p, their opinions merit substantial weight, and I have so assessed them.

(R.p. 22).

Plaintiff argues that the new evidence submitted to the Appeals Council made clear Dr. Dickson's opinion that Plaintiff was not able to do full time work, and that this evidence includes more specific information about the same impairments considered in the hearing decision. While the Commissioner offers arguments as to why this new evidence was not relevant or material, this Court can only guess as to why the Appeals Council did not find this evidence did not provide a basis for changing the ALJ's decision, as the Court has no findings from the agency regarding that new evidence. *Cf.* Harmon, 103 F.Supp.2d at 874, citing Riley, 88 F.Supp.2d at 579-580. Hence, as Dr. Dickson's opinion was one of the primary medical opinions relied on by the ALJ in reaching his decision, some explanation should be required. Smart, 2004 WL 289152, at *3, n. 2.

## Conclusion

Based on the foregoing, it is recommended that the decision of the Commissioner

6

be **reversed** under Sentence Four of 42 U.S.C. § 405(g), and that this case be **remanded** to the Commissioner for purpose of further evaluation of the evidence consistent with this opinion.

s/ BRISTOW MARCHANT
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March   15,   2005